This morning is going to be, let's see, we've got People v. Aaron Baker, No. 5-16-0354. Counsel, you may proceed. May it please the Court, Counsel, my name is Amanda Horner from the State Appellate Defender's Office, and today I am representing Mr. Aaron Baker. Your Honors, this case is really about a notice for the purposes of probation. And so with that in mind, let's narrow the issue just a little bit further. This isn't about general probation orders, for example, whether a defendant can violate a criminal statute, because of course we know that you don't need to be put on notice, you can't violate the law, right? This case is about discretionary probation orders. In other words, activities that are otherwise legal, but for the conditions of probation. Discretionary probation orders. And in this case, it's about whether or not someone who's over 21 and otherwise capable of consuming alcohol had that right or was put on notice that he could no longer consume that alcohol for the terms of his probation. The statute at issue in this case requires that Mr. Baker have been given notice, specifically a certificate laying out the terms of probation. It's undisputed from the facts of this case that he was not given that certificate, at least as the statute requires. At this point, the State and Mr. Baker pretty much agreed that he had to receive that notice in writing. Simply to list out those probations during a hearing is not sufficient. Case law, the statute itself, makes that absolutely clear. Since he didn't receive the certificate, the only other real question before this court today, as the State's brought out in their brief, is whether or not a probation order can satisfy that requirement. Whether or not a probation order and a certificate are interchangeable per the statute is really an issue that hasn't been decided. But whether those things are interchangeable for that particular issue, I will rely on my colleagues' briefs who briefed this case. I think the important thing to note today is that there's quite a bit of dispute as to whether or not Mr. Baker received a probation order itself. In other words, if he didn't receive that probation order, he never received anything in writing explaining to him that he could not consume alcohol, an otherwise legal activity. The probation officer has no specific memory of giving him a probation order or whether he had that probation order with him, and instead merely has to rely on his general practices. Counsel, what does the record show as far as any oral and monuments? It's undisputed that the trial court told him in a list of things that he could not do, that he could not consume alcohol or drugs. And we're not disputing that, Your Honor. Mr. Baker testified that he probably, that he didn't get told that, but clearly I think the record shows that he did. But the real issue is whether he had that in writing. Because, you know, there's a reason we record things that happen in court, right? Our memories aren't perfect, especially when a court's going over a number of items. That's why the written certificate or written document reflecting that would be critical, especially when we're talking about a condition that would otherwise be lawfully, an activity he could lawfully engage in. In terms of the record itself, of course there was a probation order entered. We know that the trial court filed that. But interestingly enough, that order itself has a place where the probation officer should acknowledge that he has gone over this with Mr. Baker, and Mr. Baker's supposed to acknowledge that he received it. Both of those things are left blank in this record. So we have Mr. Baker saying he doesn't know that he can't drink alcohol. We know the certificate wasn't given in line with the statute. And now the only other way that this would have been memorialized in writing isn't signed by either party to acknowledge that Mr. Baker received it. And in particular when we're talking about, again, a discretionary probation order, an activity that Mr. Baker could have otherwise legally engaged in, that written notice is critical. And I think that when we really look at the cases, in particular People v. Brown and People v. Glover, it highlights that importance. First, People v. Brown notes that the certificate issue that was not given is mandatory. But the other thing in Brown is that, again, it was an order dealing with alcohol consumption. And the Brown court sort of goes out of their way to say, look, if we're going to impose discretionary conditions, something the trial court certainly has the authority to do, we have to ensure to satisfy due process that a person knows that he can no longer engage in an activity that he was able to engage in before he entered this probation. Essentially, it's a contract between Mr. Baker and the state, and we want to make sure that contract is memorialized. And then we can really compare that with the other case, People v. Glover, where that particular court says, look, we don't have to give written notice, but only when we're talking about mandatory provisions. Again, you don't have to be told you can't violate a criminal statute because none of us can violate a criminal statute, right? Whether we are on probation, just as citizens of this country, we're not allowed to violate the law. So there's no prejudice when we don't provide that written certificate telling someone, hey, don't violate the law. But it's a very different analysis when we're talking about something that normally anyone over 21 can engage in, and now we're saying specifically, no, you can no longer do so. I'm going to preface this by saying that I'm taking over this case, so I think that I recall this correctly, and I'm sure the state probably has this information as well. I believe he may have been on probation before. I do not know whether the terms of that probation would have included an abstention from alcohol. And certainly in those discretionary terms, they could change depending on what the level of the offense was, what the trial court felt was necessary. And so I'm not really sure if he were on probation before, whether or not he was allowed to abstain from, whether he was required to abstain from alcohol. Anyway, basically, it's just about notice, Your Honors. We shouldn't have to speculate whether Mr. Baker knew in writing that he could abstain from alcohol. We want defendants on probation to be able to follow those terms of condition. We want them to be successful. And the only way we can do that is if we can guarantee that they knew what those terms were. So if this Court has any other questions. Thank you, Counsel. May it please the Court, Counsel. Jennifer Camden on behalf of the people. First to answer Your Honor's question, the defendant was already on probation at the time of his sentencing and was barred from consuming alcohol as a term of probation in that separate case. And the record cites are C-72 through 76. The Court commented on that fact at page 419 of the record. This case is unusual because there's a factual dispute as a threshold matter and the factual issue is whether the defendant received a copy of the probation order. The factual issue is unusual because the parties are disagreeing about it, even though the circuit court issued a factual finding that the defendant did receive a copy of the probation order. In rejecting the defendant's amended motion to reconsider, the Court stated, quote, the clerk documents that the defendant was given a copy of the judgment of sentence of probation. That's at page 416 of the record. The Court later repeated that factual finding that the clerk's office gave the defendant a copy of the written probation order. That's at pages 419 and 420. And that probation order did contain the condition of probation at issue here today, the requirement that he abstain from alcohol. That finding, in fact, would be reviewed on a manifest weight standard and it's not against the manifest weight of the evidence because the Court relied on a docket entry in the record. The docket entry is showing what documents were filed on the day that the defendant pled guilty, including the probation order. And the docket entry is stating, quote, That's at page C6 of the record. The defendant on appeal isn't arguing that the docket entry does not support the Court's factual finding. Now, the defendant is ñ the defendant notes correctly that there are some signatures missing from the bottom of the copy of the probation order that's contained in the record on appeal. Those signatures would have ñ would have memorialized that the defendant received a copy of the probation order. So ñ but it was the trial court's job to resolve conflicting evidence in the record about whether the defendant received a copy of the probation order, and it did so in this case. I'd also note that the Court's factual finding is supported by the testimony at the hearing on the motion to reconsider sentence of Probation Officer Winters. Now, it's true that Winters testified, as the defendant emphasizes, that he didn't give the defendant a copy of the probation order. He explained, though, that that's because probationers come to their appointments with him with their orders in hand, and if they don't, they're sent down to the clerk's office to go get a copy of them and bring them back to the ñ to the probation office for the intake appointment. Now, Winters didn't say which of those two possibilities occurred in this case, but he did say that at his intake appointment with the defendant, he and the defendant reviewed every term of that order. So Winters' testimony was perfectly consistent with the docket entry upon which the Court relied in this case and with the Court's finding that, as it told the defendant, ìYou were provided a copy by the clerk's office at page 420 of the record.î So the ñ the real issue in this case is whether his receipt of that order satisfied the notice requirement in Section 563D. It's the State's position that it did. The State in the answer brief presents two arguments, one based on statutory interpretation. The State argues that his receipt of the probation order satisfies both the letter and the spirit of the statute and also suggests it would be absurd and unjust if the receipt of the order itself were deemed not to satisfy the certificate requirement. The State also cites and discusses five cases in which the reviewing court looks to the probation order and the contents thereof and the defendant's awareness and notice of its contents to determine whether the statutory certificate requirement is satisfied. In other words, those courts treat the certificate referred to in the statute and the probation order as if they're one and the same document, and that's certainly how the circuit court in this case interpreted those documents. I also want to point out that in the Brown case that the defendant discusses here, the ñ Brown was distinguishable because in that case, the discretionary term of probation at issue was not contained in the written probation order. In this case, it was, and the court found that the defendant received a copy of it. I'd also note that in Glover, the ñ again, the term at issue was not in the probation order that the defendant received a copy of. I'd also note that Glover is holding that the statutory notice requirement was directory and not mandatory, was adopted and followed in the REM case, which is cited in the People's Brief, in which the ñ in which the appellate court held that the parallel section of the Juvenile Court Act was directory. And in that case, the case involved a discretionary probation term. So the defendant's suggested distinction that Glover should be confined to cases involving mandatory probation terms wasn't followed in the REM case. One final ñ now the state ñ now ñ sorry. The question of whether the statute is directory versus mandatory would only arise if this Court were to find that his receipt of the order itself didn't satisfy the statute because ñ because the question of whether the term could nevertheless be enforced would, despite the statutory violation, would then depend on whether the defendant was prejudiced by the violation if the statute were directory. So the question of prejudice would only arise if this Court rejects the state's primary argument, which is that his receipt of the order was all that was required. But I would note on the prejudice point that in addition to the fact that he was already on probation and that this term, this specific term, already applied to him, the probation condition at issue, like every other condition that was imposed on him, was fully negotiated because this was a fully negotiated plea. So not only was the defendant aware of the condition based on his receipt of the order and based on the Court's recitation of the condition at sentencing, he was aware of it before it was even imposed because he negotiated for it. Well, the fully negotiated plea, I mean, you've got multiple terms, correct? And this is one of them. And, you know, counsel's argument is this is an activity that would be legal under normal circumstances. That's certainly true, which is ñ which is why it's notable that the term was contained in the probation order that he received a copy of. For those reasons, the people requested the Court affirm. Okay. Thank you, counsel. The vote. Your Honor, it is clear that the trial court made a factual finding that he was given a probation order. And, again, that is a question, whether that probation order can even satisfy the certificate. But if we set that aside for a moment and just assume ñ Mr. Baker's not conceding this ñ but just assume that it could be, there's still some problems here with that finding. The docket entry actually says that copies given to defendant with payment instructions at Effingham County Jail, what those copies are is not necessarily clear. And then in terms of the probation officer going over that probation order, he has no specific memory of giving that probation order to Mr. Baker or whether Mr. Baker brought that in or any of those things. In fact, he has to rely on his general practices. And, again, this is really a case where before we're going to incarcerate someone ñ I think in this case it was five years ñ for a probation revocation on a discretionary condition, the trial court shouldn't be in the position of having to make a factual finding of notice because the record should make that clear. And, quite frankly, this record leaves something to be desired. There was no acknowledgment. There is no certificate. The docket entries aren't entirely clear. And to some extent in making its ruling, the trial court relied on its oral pronouncement. And here, it's quite clear by the case law that it has to be in writing. And for those reasons, Your Honor, Mr. Baker would request that this Court reverse the trial court's revocation findings. Thank you. Thank you, counsel. We appreciate your arguments. The Court will take this matter under advisement when the decision is in force.